**In re Darrell Dean DUNN and Mary Frances Dunn, Bankrupts.**

**Bankruptcy No. BK5–79–11/12.**

United States Bankruptcy Court, N. D. Texas, Lubbock Division.

June 26, 1980.

---

Walker N. Metcalf, Lubbock, Tex., trustee.

Aubrey J. Fouts, Lubbock, Tex., for Lubbock National Bank.

Jerry M. Kolander, Lubbock, Tex., for bankrupts.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Darrell Dean Dunn and wife, Mary Frances Dunn, filed petition in voluntary bankruptcy on January 30, 1979. During a period in their prebankruptcy past, while they enjoyed greater affluence than that which existed at the time the bankruptcy petition was filed, Darrell Dean Dunn had opened an Individual Retirement Account (IRA) with the Lubbock National Bank at Lubbock, Texas. That bank serves as the trustee contemplated by Internal Revenue Code § 408. At the time the petition in bankruptcy was filed the balance in the IRA account approximated $1,888.00.

The bankrupts were indebted to the Lubbock National Bank on some debts, including, among others, an SBA guaranteed loan in the original sum of $22,000.00. In early January 1979, the bankrupts' loan officer recognized that, considering the status of the debts of the bankrupts to the bank, the secured position which that loan enjoyed was not the envy of his fellow loan officers. The banker, hoping to shore up his security position, requested that Dunn assign to the bank the balance in the IRA account as additional collateral security on his indebtedness. The bankrupt acting an advice of counsel, refused to execute an assignment of the IRA account and told the banker that the reason why he could not do so was because his attorney advised against it.

Less than thirty days later the petition in bankruptcy was filed. The bankrupts made no claim of entitlement to those IRA funds in their schedules.[1] The bankruptcy trustee and the Lubbock National Bank as creditor are contesting for those funds.

█ The first issue to determine is whether The Lubbock National Bank can lawfully claim the funds against anyone. I conclude in this memorandum that the bank is disqualified, both statutorily and at common law, from asserting any claim to the IRA funds.

█ The Lubbock National Bank is a fiduciary with the bankrupt as its beneficiary. That fiduciary capacity must predominate over any other relationship which it enjoys with the bankrupt, including the creditor-debtor relationship. As to matters within the scope of the fiduciary relationship the trustee (Bank) is under a duty not to profit at the expense of the beneficiary. It has the duty of loyalty and must administer the trust solely in the interest of the beneficiary. It must keep the trust property separate from its individual property which is not subject to the trust. Above all, it is precluded from asserting any claim in the trust which is antagonistic to the beneficiary.

█ That common law prohibition has been codified and brought forward in the Internal Revenue Code where the interest of a beneficiary in the balance in his account is not forfeitable. 26 U.S.C. § 408(a)(4). That does not necessarily mean that the beneficiary cannot assign the account to a third person, because one may not create a spendthrift trust for himself. It does not mean that the beneficiary may not withdraw the monies, although there is a penalty imposed by IRS for any such withdrawal. It does mean, however, that the trust fund cannot be forfeited to the Bank and the IRA custodian is precluded from asserting any claim to the assets in an IRA.

---

1. The attorney for the bankrupts, by his letter of May 27, 1980, written by him after the trial of the issue in this case, appears to contend that the bankrupts are not claiming entitlement to the IRA account, but, if the trustee prevails for the IRA account, bankrupts seek to recover post bankruptcy monies paid by them on pre-bankruptcy taxes. Whether they are so entitled to subrogate to such monies is not a subject of this memorandum.

■ There is another reason why the Bank is enjoined from asserting any interest in the funds. There are two consecutive excise taxes on self-dealing ("prohibited transactions") involving IRAs. The taxes are imposed upon the "disqualified" persons involved in the prohibited transaction. Included in the definition of those disqualified persons upon whom the prohibited transactions excise taxes may be imposed are fiduciaries of the plan. 26 U.S.C. § 4975. Lubbock National Bank is a fiduciary while acting as trustee and is a "disqualified person". An assignment or alienation of a plan benefit is a prohibited transaction if the assignment or alienation is for the use or for the benefit of a disqualified person. 26 U.S.C. § 4975(c)(1)(D).

The Lubbock National Bank, by virtue of its fiduciary status, is disqualified from claiming entitlement to any monies held by it as trustee in the bankrupts' IRA account, whether against the bankrupts or against their trustee in bankruptcy. It is not necessary to determine whether any claim of right to set off, oral assignment, or any claim of abandonment on the part of the bank may be avoided as a preferential transfer.

■ Since the Lubbock National Bank cannot retain those funds, the next issue to be determined is whether the trustee has any claim to them. The main thrust of Bankruptcy Act § 70a(5) is to secure for creditors everything of value which the bankrupt may possess in alienable or leviable form when he files his petition. Here the bankrupt has not asserted entitlement to the funds and has waived entitlement. Before the trustee can claim the funds, however, the IRA account must constitute "property." The term "property" has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed. *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). Under Texas law vested interests in retirement benefits are "property" rights. *Busby v. Busby*, 457 S.W.2d 551 (Tex. S. Ct. 1970). By implication the federal government also

views vested interests in retirement benefits as property rights as evidenced by specific federal legislation which exempts benefits due under laws administered by the Veteran's Administration from attachment, levy or seizure. 38 U.S.C. § 3101. There are similar exemptions for Railroad Retirement Benefits, Social Security payments, and Retired Military Pay Annuities. Thus it appears that the IRA account can properly come within the definition of "property".

■ Some interests, though "property", do not pass to the trustee for purposes of § 70a(5). *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). If the interest is "designed to function as a wage substitute at some future period and during that period to support the basic requirements of life for the debtor" some courts have held that the interest does not pass. Other courts have taken the position that the interest similar to the one in this case is "sufficiently rooted in the prebankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start" that it should be regarded as property under § 70a(5) and have denied the funds to the bankrupts. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974).

■ I conclude, therefore, that under no circumstance can the Lubbock National Bank, the fiduciary, claim entitlement to the funds. I conclude further, that the IRA account is "property" to which the trustee of the bankrupts may have an interest. Typically, a balancing test must be applied to that particular type of "property" to determine whether it is "sufficiently rooted in the prebankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start" which would entitle the trustee to retain the monies or whether it is "designed to function as a wage substitute at some future period and during that period to support the basic requirements of life for the debtor" which would give the funds to the bankrupts. It is not necessary to make that balancing test in this case, however, because the bankrupts have elected to make no present claim to the benefits.

As between the Lubbock National Bank and the trustee, the trustee should recover the IRA account.

LET JUDGMENT BE ENTERED ACCORDINGLY.