Courtney F. SMITH and Imogene S. Smith, Plaintiffs-Appellants,

v.

Cora RICH and Commissioner of Internal Revenue, Defendants-Appellees.

No. 81–3286
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1982.

Taylor W. O'Hearn, Shreveport, La., for plaintiffs-appellants.

John F. Murray, Atty., Michael L. Paup, Chief Appellate Section, Robert T. Duffy, Helen M. Marinak, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiffs, Courtney and Imogene Smith, brought this action for injunctive relief against Cora Rich, an agent of the Internal Revenue Service ("IRS"), and the Commissioner of the IRS. The Smiths asked the court to enjoin the defendants from taking further action with regard to the examination of the plaintiffs' income tax returns for 1977, 1978, and 1979. The district court granted the defendants' motion to dismiss, finding that the Smiths' suit for injunctive relief is barred by 26 U.S.C. § 7421(a), a statutory provision that prohibits injunctions to restrain the assessment or collection of taxes. The plaintiffs appeal. We affirm.

*The Context Facts*

The Smiths filed joint individual income tax returns for 1977, 1978, and 1979. On August 6, 1979, the IRS mailed a letter to the Smiths. The letter requested certain personal records from the plaintiffs, and it stated that the information was needed "to verify certain items recorded on your return."

In late 1979, the Smiths were informed by telephone that agent Rich had been assigned to investigate their 1978 tax return. By letter of May 1, 1980, Rich gave the Smiths formal written notice that she would be examining their 1978 return. Rich further stated in her letter: "Your 1979 return is being picked up by me for examination due to the results of the 1977 and 1978 examination. The 1979 return will be handled in the same manner as the 1977 and 1978 returns; all deductions are being disallowed because no substantiation has been provided." Rich also requested the Smiths to mail her a copy of their 1979 tax return.

The Smiths apparently declined to provide any of the information requested by IRS. They did, however, ask the IRS why their returns had been selected for examination, but the IRS did not respond.

The Smiths then filed the instant suit for injunctive relief. They alleged that, because they signed their returns "under

**1230**

oath," *i.e.*, under penalty of perjury, the IRS could not "traverse" their oath without first showing cause or expressing reasons why the returns were thought to contain incorrect information. The plaintiffs also averred that agent Rich had harassed them by threatening to disallow deductions in the absence of substantiation. The Smiths did *not* allege, however, that the IRS had sent them a notice of deficiency, assessed them for any deficiency, or attempted to collect any deficiency; and in their brief to this court they state that no such deficiency notice was sent to them.

The district court subsequently granted the defendants' motion to dismiss the plaintiffs' suit. The court noted that the plaintiffs had cited no statutory authority or case law in support of their position, and that they had made only "vague allegations of constitutional violations." The court construed the Smiths' action as "an attempt to prevent assessment of taxes by initially foreclosing any investigation by the IRS," an attempt that "flies in the face of the policy requiring a minimum of pre-enforcement judicial interference." Accordingly, the district court accepted the defendants' contention that 26 U.S.C. § 7421(a) barred the plaintiffs from seeking injunctive relief.

On this appeal, the Smiths contend that the district court erred: 1) by dismissing their complaint without an evidentiary hearing, and 2) by giving inadequate consideration to the Smiths' reliance upon "the procedural device of traverse" and the "taxing procedures under the Internal Revenue Code."

*The "Anti-Injunction Act"*

■ The district court dismissed this suit as barred by 26 U.S.C. § 7421(a), sometimes popularly referred to as the "Anti-Injunction Act" or the "Anti-Tax Injunction Act."

With certain specified exceptions, this provision bars any suit in any court "for the purpose of restraining the assessment or collection of any tax."[1] The "principal purpose" of the statute is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). A "collateral objective" of the statute is the "'protection of the collector from litigation pending a suit for refund.'" *Id.*, 416 U.S. at 737, 94 S.Ct. at 2046. See also *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974).

■ The § 7421(a) ban against judicial interference is applicable not only to the assessment or collection itself, but is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes. *Kemlon Products & Development Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.) *modified*, 646 F.2d 223 (5th Cir.), *cert. denied*, —— U.S. ——, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981); *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977).

■ In addition to the specified statutory exceptions to the prohibition against tax collection injunctions, the Supreme Court has recognized that there might be a judicially created exception where, under the most liberal view of the facts and law, the government cannot win; in such an instance, the government is viewed as attempting an exaction that is "merely in 'the guise of a tax.'" *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6–7, 82

1. 26 U.S.C. § 7421(a) provides:
    (a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The statutory exceptions relate to notices of additional deficiency after a first notice was sent (6212(a) and (c)—see footnote 3 and text that follows), to an assessment or levy made upon a notice of deficiency before the delay for petitioning the Tax Court has expired (6213(a) —see footnote 4 and text that follows), and to a wrongful levy upon property claimed by a third person (*i.e.*, not the taxpayer).

S.Ct. 1125, 1128–29, 8 L.Ed.2d 292 (1962). *See also Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 1070, 47 L.Ed.2d 278 (1976). Even there, additionally, equity jurisdiction must otherwise exist, in the sense that the taxpayer will suffer irreparable injury for which no legal remedy is adequate, *id.* (but not including the injury that might result merely from the collection of the taxes themselves, *Enochs*, 370 U.S. at 6, 82 S.Ct. at 1128–29). In the present case, the taxpayers do not claim injunctive relief under the *Enochs* exception; and, indeed, the allegations and the statutory refund procedure negate that either prong of the *Enochs* test is met.

■ The district court's holding that 26 U.S.C. § 7421(a) bars this suit for injunctive relief is plainly correct, under both the express wording of the statute and the judicial interpretations thereof. If so, obviously without merit is the plaintiffs' contention that an evidentiary hearing was requisite, and nor is there any need to discuss the merits (or rather lack thereof) of the basis for relief set forth by the substantive allegations of the complaint.[2]

**2.** For instance, with regard to a contention re-urged before us in seeming disregard of the investigative procedures authorized by the Internal Revenue Code, the district court stated: "The gravamen of plaintiffs' complaint is that the income tax returns filed by them were made under oath and that the government must show proper cause to traverse plaintiffs' oath. Plaintiffs cite no statute nor case law for the proposition that the government must show proper cause to traverse plaintiffs' returns."

**3.** 26 U.S.C. §§ 6212(a) and (c) provide, pertinently to present claims:

(a) In general.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

\* \* \* \* \* \*

(c) Further deficiency letters restricted.—
(1) General rule.—If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine

*The Statutory Exceptions to the Anti-Injunction Act Relied Upon*

■ The plaintiffs contend, however, that their injunction suit is permissible because it falls within the explicit exceptions (see footnote 1) to the statute's prohibition against tax-assessment injunctions. They rely upon the excepted actions permitted under §§ 6212(a) and (c),[3] and § 6213(a).[4]

The Smiths first rely on 26 U.S.C. §§ 6212(a) and (c), which establish that, once the IRS issues a notice of deficiency for a particular year and the taxpayer petitions the Tax Court for redetermination, the IRS may not (with certain exceptions) determine greater deficiencies for the same period. § 7421(a) indicates that any attempt by the IRS to determine a greater deficiency under such circumstances may be enjoined. In the present case, however, the Smiths have not alleged that the IRS had made a determination of *any* deficiency, much less a second determination of greater deficiency. Nor have the Smiths contended that they have petitioned the Tax Court for redetermination. The plaintiffs' argument that § 6212 is applicable to their case is insubstantial.

any additional deficiency of income tax for the same taxable year, \* \* \*

**4.** 26 U.S.C. § 6213(a) provides:

(a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, 44, or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

**1232**

Similarly, the Smiths' reliance on 26 U.S.C. § 6213(a) is totally misplaced. That provision provides that, with certain exceptions, once the IRS mails a notice of deficiency to a taxpayer, an income tax deficiency cannot be assessed and no levy or court proceeding for the collection of any deficiency shall be made, begun, or prosecuted, until after the taxpayer's period for petitioning the Tax Court has expired, or, if the taxpayer petitions the Tax Court, the decision of that court becomes final. Any attempt by the IRS to assess, levy, or bring suit in violation of this provision is enjoinable. In the present case, however, the plaintiffs have not alleged that the IRS has made any assessment or levy, or brought any suit, or even that the IRS has mailed them notice of any deficiency. Thus, § 6213(a) is of no help to the Smiths.

*The Injunctive Remedy Sought*

 The Smiths claim that unless the IRS is required to show cause before requesting corroborative information about their tax returns, they will be unable to determine whether the IRS wants the information for a legitimate investigatory purpose or for some prohibited purpose. *Cf., United States v. First National Bank in Dallas,* 635 F.2d 391, 395–96 (5th Cir. 1980). They contend that they cannot protect this claimed interest other than by this injunctive suit.

The Smiths overlook 26 U.S.C. §§ 7402(b) and 7604, which recognize that the IRS cannot *compel* taxpayers to produce documents without court intervention. If the IRS applies to a court to seek enforcement of a summons for the requested information, the Smiths can then raise any claims of harassment or improper purpose. Although the IRS would not need to show probable cause to obtain enforcement of a summons, the IRS would then have to show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose,

that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). *See also United States v. Bisceglia,* 420 U.S. 141, 145–47, 95 S.Ct. 915, 918–19, 43 L.Ed.2d 88 (1975).[5]

*Conclusion*

Accordingly, we AFFIRM the judgment of the district court that dismissed the plaintiffs' action.

AFFIRMED.

---

5. Of course, with or without obtaining the requested records, the IRS may proceed to determine a deficiency owed by the Smiths to the government. However, the plaintiffs' rights would be fully protected in any event, because they could petition the Tax Court for a redetermination, or they could pay the tax and then proceed with a suit for refund. *See Dema, supra,* 544 F.2d at 1377.