**In re Larry McDANIEL, Debtor.**

**FIRST STATE BANK OF MONAHANS, TEXAS, Plaintiff,**

v.

**Ken HOLT, Trustee in Bankruptcy For Larry McDaniel, Defendant.**

**Bankruptcy No. 483–01180.
Adv. No. 484–0134.**

United States Bankruptcy Court,
W.D. Texas,
Midland-Odessa Divisions.

June 5, 1984.

Robert R. Truitt, Jr., Midland, Tex. for First State Bank of Monahans, Tex.

Ken Holt, pro se.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The First State Bank, Monahans, Texas, ("Bank") and Kenneth D. Holt, Trustee in

Bankruptcy for the estate of Larry McDaniel, debtor ("Trustee") are contesting over an Individual Retirement Account ("IRA") in the approximate amount of $1,500.00. The following summary constitutes findings of fact and conclusions of law after nonjury trial on May 16, 1984.

The facts substantially are uncontroverted. On July 7, 1983, Larry M. McDaniel and Patricia F. McDaniel filed their voluntary petition for order for relief under Chapter 7 of the Bankruptcy Code. At the time the petition was filed McDaniel was indebted to the bank in the approximate sum of $45,000.00, a debt which had been incurred by him more than ninety days before the filing of the bankruptcy petition. An IRA account at the bank in the approximate amount of $1,500.00 had been opened by McDaniel more than one year prior to the filing of the petition in bankruptcy. McDaniel did not schedule the IRA account as an asset in his petition and neither he nor his wife claimed the IRA account as exempt property. The trustee claims the monies in the IRA account as § 541 property of the estate and has demanded that the bank pay the monies over to him. The bank claims entitlement to the monies in the IRA account, contending that not only does it have the common law right of setoff but also has a contractual lien upon the account by virtue of a provision in the promissory note.[1]

■ In an earlier opinion in the Northern District of Texas I had rejected the precise argument advanced by the bank. *See In re Dunn*, 5 B.R. 156 (Bkrtcy.N.D.Tex.1980). In *Dunn* I had concluded that the bank is disqualified, both statutorily and at common law, from asserting any claim to the IRA funds. I remain of the same opinion. There, as here, the fiduciary capacity in which the bank serves as trustee must predominate over any other relationship with the debtor. As to matters within the scope of the fiduciary relationship the bank as trustee is under a duty not to profit at the expense of the beneficiary. It has the duty of loyalty and must administer the trust solely in the interest of the beneficiary. It must keep the trust property separate from its individual property which is not subject to the trust. Above all it is precluded from asserting any claim in the trust which is antagonistic to the beneficiary.

Further, in *Dunn* I had discussed in some detail the non-forfeitable provisions of § 408(a)(4) of the Internal Revenue Code and the penalties involving IRA's which are placed on "prohibited transactions". Included in the definition of those disqualified persons upon whom consecutive excise taxes on self dealing may be imposed are fiduciaries of the plan. 26 U.S.C. § 4975.

■ Finally, there is another reason why the bank cannot prevail and which was pretermitted in *Dunn*. Section 553 of the Code essentially requires that before the right of setoff exists the respective claims of the parties must be owing and due in the same right and capacity. In this case while debtor is indebted to the bank on account of the promissory notes, the IRA is not an obligation from the bank to the debtor but is an obligation from the bank *as trustee* to the debtor. Thus, the necessary relationship for existence of setoff rights does not exist.

I conclude, therefore, that the bank properly cannot setoff the monies in the IRA account against its debt and that it cannot properly assert a secured interest in the IRA superior to the claim of the trustee. The debtor has made no claim that the IRA is exempt property and the IRA thus is § 541 property of the estate.

It is, therefore, ORDERED by the Court that Kenneth D. Holt, trustee for the estate of Larry McDaniel, debtor, do have and recover of and against First State Bank of Monahans, Texas, as trustee, the amount of the individual retirement account in the approximate sum of $1,500.00 held in the name of the debtor, Larry McDaniel.

1. Among other provisions the note reflected: *Security:* I am giving a security interest in "any right I may have to the payment of money from you."

LET JUDGMENT BE ENTERED ACCORDINGLY.