Susan TINSLEY, Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Bobby E. Scott, Frances A. Smith, Larry R. Bushwar, Western–Southern Life Insurance Co., Eric H. Holder, Jr., Mark E. Nagle, and Richard L. Huff, Defendants.

Civil Action No. 3:96–CV–1769–P.

United States District Court, N.D. Texas, Dallas Division.

April 11, 1997.

*MEMORANDUM OPINION*
*AND ORDER*

SOLIS, District Judge.

Now before the Court are:

1. Defendant Western–Southern Life Insurance Co.'s Motion and Brief in Support of Dismissal, filed October 10, 1996; and

2. Plaintiff's Response and Brief in Support to Defendant's Motion to Dismiss, filed November 4, 1996.

The Court finds that Western–Southern Life Insurance Co.'s motion to dismiss should be **GRANTED**.

## BACKGROUND

In 1996 when she filed her complaint, Tinsely was an inmate in a federal detention center. The IRS contacted Tinsely about her failure to file individual income tax returns in 1993. Tinsely responded that she was unable to comply with the requests made by the IRS for religious reasons. Specifically, Tinsely alleges that her religious beliefs prohibit her from signing any document under oath or taking an oath in a matter and being a witness against herself in any matter. Plaintiff further alleges that she cannot exchange currency with a government entity when that currency does not base its standard of value on silver or gold. In April of 1994, Larry R. Bushwar, District Director of the IRS, contacted Plaintiff informing her that an income tax examination and assessment for the years 1989, 1990, 1991, and 1992 revealed a deficiency of approximately $16,-700. Plaintiff responded by citing her previously mentioned religious beliefs and demanding a trial by jury to determine any liability. On or about August 7, 1995, Tinsely received a "Taxpayer's Copy of Notice of Levy" from the IRS in Austin, TX, informing her that her property with Western–Southern Life Insurance Co. (Western–Southern), one of the defendants, had been levied upon to pay her taxes. On or about August 29, 1995, Plaintiff responded to the IRS in Austin, TX again in the same manner as before and also added a demand for the release of her property and a warning that the action taken was in violation of her rights under the First, Fifth, Seventh, and Ninth Amendments as well as the Religious Freedom Restoration Act of 1993, Title 42 U.S.C. § 2000bb et seq (RFRA). On or about December 10, 1995, Tinsely filed a Freedom of Information Act request for access to all IRS records regarding the civil action taken against Tinsely in 1991 as well as criminal action taken against Tinsely in 1992. Tinsely

was denied the request, appealed and was again denied access on appeal by Richard L. Huff, Co–Director of the Office of Information and Policy, United States Department of Justice, according to the complaint.

Tinsely filed a complaint against the IRS and various individuals in their individual capacities, Western–Southern Life Insurance Co. and individuals at the Office of the United States Attorney, Justice Department, in their individual capacity claiming violations of Tinsley's Constitutional rights and is proceeding *pro se* and *in forma pauperis.* Defendant Western–Southern now moves for dismissal of Plaintiff's claim against it on the grounds that Tinsely has failed to state a claim upon which relief can be granted.

## ANALYSIS

### STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim if the plaintiff cannot prove any set of facts which would entitle him to relief. FED. R. CIV. P. 12(b)(6); *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992). The Court must assume that the facts set forth in the complaint are true. *Keys v. Wolfe,* 709 F.2d 413, 417 (5th Cir.1983). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory under which the plaintiff may recover and no facts that would subject the present defendants to liability." *Jacquez v. Procunier,* 801 F.2d 789, 791–92 (5th Cir.1986).

*Pro se* litigants are allowed a more sympathetic reading of their pleadings. The Fifth Circuit encourages the Court to construe a *pro se* litigant's claim liberally in its search for a viable claim against a defendant. *See, e.g., Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985); *Green v. McKaskle,* 788 F.2d 1116 (5th Cir.1986); *Elmore v. McCammon,* 640 F.Supp. 905 (S.D.Tex.1986). However, when a claimant proceeds *in forma pauperis,* a court "may dismiss the case ... if [it is] satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1995); *Spears,* 766 F.2d at 180 n. 1. A claimant can proceed in federal court *in forma pauperis* if the claimant can show that she cannot afford the cost of litigation. 28 U.S.C. § 1915(d). Because of the relative ease in abusing this provision, Congress has authorized district courts to dismiss an *in forma pauperis* proceeding "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." § 1915(d). "District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis* ] proceedings is frivolous." *Green,* 788 F.2d at 1119. The Fifth Circuit has determined three standards for deciding whether a claim is frivolous. *Id.* at 1120. The first standard requires "a realistic chance of ultimate success." *Jones v. Bales,* 58 F.R.D. 453, 464 (N.D.Ga.1972), *aff'd by adopting the district court's reasoning,* 480 F.2d 805 (5th Cir.1973). The second standard requires that the complaint have "arguable merit ... in terms of the arguable substance of the claim presented, both in law and in fact." *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976). The third standard prohibits dismissal "unless the court is satisfied 'beyond doubt' that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1459 (5th Cir.1983). "[T]he concept of frivolousness in § 1915(d) is broad enough to support dismissal on any of these grounds." *Green,* 788 F.2d at 1120.

### WESTERN–SOUTHERN IS ENTITLED TO IMMUNITY FROM LIABILITY FOR COMPLIANCE WITH IRS LEVY.

The Internal Revenue Code (IRC) states that any person who is in possession of property that is subject to levy by the IRS shall surrender such property to the Secretary, unless it is subject to an attachment or execution under any other judicial process. I.R.C. § 6332(a) (1997). Further, "[a]ny person in possession of ... property ... subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property ... to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property ... arising from such surrender or payment." § 6332(e).

Tinsely alleges in her complaint that by relinquishing Plaintiff's property to the IRS, Defendant Western–Southern acted "under color of law" and in concert with the IRS in depriving her of property. As such, Tinsely maintains that Western–Southern should have complied with the same notification requirements imposed on the IRS.

 Western–Southern correctly asserts that a person to whom a levy has been directed by the IRS is immune from liability for complying with the levy. I.R.C. § 6332(e); *Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir.1986). Western–Southern had a legal duty to comply with the IRS' levy and is immune from liability in complying with the levy. I.R.C. § 6332(a), (e). Western–Southern would have been subject to a penalty for failure to comply with the IRS levy. § 6332(d)(1). Further, any alleged failure by the IRS to follow the proper notification procedures should be addressed by claims against the IRS, not against Western–Southern.

 Tinsely has alleged infringement of her Constitutional rights by the IRS and the Justice Department and alleged that Western–Southern acted "under color of law" and in concert with the IRS in depriving her of her property. Courts have consistently upheld the constitutionality of income tax laws. *Davis v. United States Government,* 742 F.2d 171 (5th Cir.1984); *Parker v. C.I.R.,* 724 F.2d 469, 471 (5th Cir.1984). Furthermore, the tax levy procedure in I.R.C. § 6331 does not violate due process. *Myers v. United States,* 647 F.2d 591 (5th Cir.1981). Tinsely does not allege that the property levied upon was subject to an attachment or execution under any other judicial process; therefore, Western–Southern properly relinquished Tinsely's property to IRS authorities. By complying with §§ 6331 and 6332, Western–Southern is merely following the law, not acting under color of law.

## PLAINTIFF LACKS STANDING TO SUE

"A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *See National Treasury Employees Union v. Department of the Treasury,* 25 F.3d 237, 241 (5th Cir.1994).

 Tinsely has alleged injury-in-fact because she alleged that her property was seized. However, Tinsely has not demonstrated to the Court that the injury-in-fact is fairly traceable to Western–Southern's unlawful conduct. The Court has concluded that Western–Southern acted within the bounds of the law and therefore its conduct was legal and unlikely to be redressed by Tinsley's requested relief. As such, Tinsely lacks standing to sue Western–Southern.

## CONCLUSION

The Court liberally construed the complaint with substantial deference to Tinsely as she is *pro se.* Since the law followed by Western–Southern clearly requires its compliance with the IRS levy, and Tinsely failed to present a claim with arguable merit, both in law and in fact, the Court concludes that Tinsely cannot support any claim which would entitle her to relief. The Court finds that Tinsely has failed to state a cause of action for which relief can be granted; therefore, Western–Southern's motion to dismiss is **GRANTED WITH PREJUDICE.**