W. SHARP, J.
Lawler appeals from a final summary judgment which granted appellees’ motion for summary judgment, and which denied her motion for summary judgment. Lawler was a beneficiary of a self-directed IRA with SunTrust Securities, Inc., and Sun-Trust Bank, Inc. was the trustee of the account. She alleged various reasons why appellees should be liable to her because they complied with a notice of the levy filed by the Internal Revenue Service on May 13, 1997; by not giving her notice of the levy; by removing $123,870.61 from her IRA; and by mailing a check for that amount to the IRS on June 12, 1997. We affirm.
Although Lawler may have remedies she can assert against the IRS for an improper levy on her property, the grounds she seeks to pursue against appellees in this case are legally insufficient. Section 6331(a) of the Internal Revenue Code permits the United States to collect taxes of a delinquent taxpayer by levy on all property and rights to property unless exempt under section 6334, which is not relevant here. Section 6332 requires that any person in possession of property or rights to property subject to a levy shall, upon demand of the IRS, surrender the property to the IRS, except for property which is subject to an attachment or execution under any judicial process,[1] which is also not relevant here. Sections (c) and (d) of that statute impose penalties upon custodians of property that fail to honor a levy, and discharge them from any liability if they honor the levy.
These sections have been upheld against various challenges of unconstitutionality, and they have been broadly interpreted and enforced. See United States v. National Bank of Commerce, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985); United States v. Rodgers, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). If a bank or trust company is in possession of an account or funds belonging to the taxpayer against whom the levy is sought, and if that property is not subject to a judicial attachment or execution, that entity must comply with the levy or face penalties. See United States v. Ruff, 99 F.3d 1559 (11th Cir.1996); Tinsley v. Commissioner, 958 F.Supp. 277, 280 (N.D.Tex.1997). After compliance, the custodian is immune from liability to the taxpayer. See Tinsley; Busby v. IRS, 79 A.F.T.R.2d 97-1493, 1997 WL 364507 (S.D.Fla.1997); Moore v. General Motors Pension Plans, 91 F.3d 848 (7th Cir.1996).
*594 Lawler also claims her IRA was non-forfeitable as established under 26 U.S.C. § 408. However, 26 U.S.C. § 6334 specifies the assets which are exempt from an IRS levy, and they do not include an IRA established under § 408. See Shanbaum v. United States, 32 F.3d 180 (5th Cir.1994); In re Dunn, 5 B.R. 156 (Bankr.N.D.Tex.1980). Nor can section 222.21, Florida Statutes, exempt the IRA from the levy. Restraints imposed by state law cannot affect the ability of the IRS to levy on accounts pursuant to federal law. Busby.
The IRS has a well-grounded reputation for being the King Kong of creditors in terms of its powers to collect tax delinquencies. This case illustrates some of the reasons for that reputation. As part of that scenario, federal law permits no remedy for Lawler against appellees in this case.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.

. 26 U.S.C. § 6332(a).