2020 IL App (1st) 200130

FIFTH DIVISION
June 26, 2020

No. 1-20-0130

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| ROBERT KELLY, | ) | |
| | ) | |
|     Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 06 D 1268 |
| | ) | |
| ANDREA KELLY, | ) | |
| | ) | |
|     Respondent-Appellee | ) | |
| | ) | |
| (Chicago Public Media, Incorporated, Intervenor- | ) | Honorable Lori M. Rosen, |
| Appellant). | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court, with opinion
Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1 Intervenor-appellant Chicago Public Media, Incorporated (WBEZ)[1] and intervenor Chicago Tribune Company (the Tribune) filed a joint motion to intervene in divorce proceedings between petitioner-appellee Robert Kelly and respondent-appellee Andrea Kelly. They sought access to documents contained in a sealed court file. The court allowed them to intervene and unsealed portions of the file, but it ordered certain portions of the record to be redacted and remain

---

[1] The company operates the WBEZ radio station in Chicago.

sealed. WBEZ then moved to clarify or alternatively to modify the sealing order (motion to modify). The circuit court denied that motion. WBEZ now appeals, contending that the court erred in (1) sealing certain portions of the record, (2) maintaining the material under seal in response to follow-up e-mails sent to the court by a party, and (3) denying its motion to modify. The Tribune has not joined WBEZ's appeal. We reverse and remand in part with directions and dismiss in part.

¶ 2                                        BACKGROUND

¶ 3      In 2006, Robert filed a petition to dissolve his marriage with Andrea. In June 2013, the circuit court entered an agreed order directing that the entire court file be sealed, finding that both parties were entertainment celebrities and there was a "serious likelihood of the media culling through the record for the purpose of revealing painful, potentially scandalous, details."

¶ 4      In 2019, WBEZ and the Tribune filed a joint motion to intervene and for access to the sealed court files in Robert's divorce case. The circuit court granted WBEZ and the Tribune leave to intervene "for the limited purpose of addressing issues related to unsealing the record." The court directed that (1) the next hearing would be open to the public but limited to hearing arguments and addressing issues related to unsealing the record and (2) the "entire cause of action [would remain] under seal" until further order of court.

¶ 5      Robert and Andrea filed lists of various documents that they wanted either sealed or redacted. They both asked that the court seal, in its entirety, a document entitled "combined verified motions to change custody and to terminate and/or modify visitation and to appoint evaluator and guardian *ad litem*," which Andrea filed on March 12, 2014 (the March 2014 motion). That motion is the only sealed pleading at issue in this appeal. The intervenors responded to the parties' proposed list, asked to open the upcoming hearing to the public, and requested that the circuit court clerk make the online case docket and files available to intervenors and the public.

¶ 6    Robert's and Andrea's attorneys, along with the attorney for their remaining minor child and attorneys for intervenors, were present at the beginning of the July 10, 2019, hearing on the intervenors' motion. Robert and Andrea had asked to seal the March 2014 motion in its entirety, and Andrea suggested an alternative of redacting only certain portions. Intervenors agreed to the redaction of some information but disagreed with sealing or fully redacting certain paragraphs of the March 2014 motion. The court then stated that it would allow Robert and Andrea to make their arguments regarding the redactions *in camera*. The court then had all parties except for Robert's and Andrea's counsel "clear the room." The transcript of this hearing then indicates that proceedings comprising approximately 31 pages of transcript were held under seal "and not a part of this record."[2]

¶ 7    The nonsealed portion of the transcript resumes with the circuit court announcing that proceedings would be reopened to the public. The court then explained its analysis regarding the March 2014 motion, stating in part:

> "In Count 2, which is paragraphs 26 through 37, as well as the 'wherefore' and then paragraphs A through D it is all part of Count 2 that in its entirety will be redacted.
>
> There is specific sensitive information in there that involves the children in this case; the relationship that the children have [with] one or both of their parents. It involves a doctor-child relationship with information about one or more of the children. That would not be made public.

---

[2] We have reviewed this portion of the transcript, which was filed under seal with this court.

And I find that in regards to all of these different paragraphs that I mentioned for both of these two documents, that revealing the information would be very detrimental to the best interest of the child and, therefore, raises a higher value and overcomes the presumption."

The court then rejected intervenors' request to immediately open the entire case file. Instead, the court stated that its order would unseal the record except for the documents it specified. The court added that it would allow the circuit clerk 30 days to make the redacted documents available. Finally, in response to WBEZ's counsel's question, the court confirmed that any document "that wasn't listed [in the court's revised sealing order] will be available on [the next] Monday."

¶ 8     On the same day, the circuit court issued a written order granting WBEZ and the Tribune leave to intervene and unsealing the entire court file with certain exceptions. The order stated:

"The Clerk's office will allow immediate public access to the court file, with the exception of the redacted and/or sealed documents. The Clerk's office is allowed 30 days, until August 12, 2019, to redact/seal the specific documents listed in Exhibit A, attached and incorporated into this Judgment."

The court order further allowed public access "to the entire court file, including the redacted documents and noting the sealed documents" beginning on August 13, 2019. Exhibit A to the court's order, which was an extensive spreadsheet, directed the circuit clerk to redact the following parts of the March 2014 motion: "the entirety of Count II [entitled 'Modify Visitation'], including paragraphs 26-37 and A-D." The court stated that, as to the sealed material, the best interests of the parties' children outweighed the public's right of access.

¶ 9    The clerk of the circuit court of Cook County did not precisely follow the court's sealing and redaction order. The clerk placed material in the public file that the court had ordered to be sealed. WBEZ discovered this error when it reviewed the public file. This discovery precipitated further disputes among the parties.

¶ 10    On October 1, 2019, Andrea's attorney e-mailed the circuit court judge and included the intervenors as additional recipients. The e-mail stated that Andrea's attorney had just received a call from WBEZ indicating that it intended to report on information obtained from "an inadvertently unredacted or unsealed version of" Andrea's March 2014 motion. The e-mail further stated that a WBEZ reporter informed Andrea's attorney that (1) there were both "substantially redacted" and "completely unredacted" versions on the public docket and (2) WBEZ intended to "run the story this afternoon." Andrea's attorney stated that she would contact the circuit clerk's office but wanted to get the trial judge "involved" as soon as possible.

¶ 11    Within one hour, the judge responded that she was not in court because she was observing a religious holiday, but she stated that her "redaction/seal order is very specific" and that she did not expect "anyone, including the Clerk's office or WBEZ," to violate it. About one hour after the judge's response, WBEZ's attorney e-mailed the parties to indicate that WBEZ would not file a story on this matter that day and suggested it would file a motion to resolve the dispute.

¶ 12    After the parties exchanged further e-mails, on October 4, 2019, the trial judge e-mailed this response:

> "Let me reiterate—I do not expect ANYONE or ANY
> ENTITY to violate my court order, which was distributed to all
> parties including intervenors, both electronically and handed in
> printed format to their attorney. WBEZ has been well aware of my

> restrictions on documents, as they were part of the Intervenors who
>
> received my court order."

The judge's e-mail was sent to all parties, including WBEZ's attorney.

¶ 13    The following evening, WBEZ's attorney sent a lengthy e-mail to the judge and parties, declaring that (1) it was not subject to any injunction prohibiting it from publishing what was found in a public record and (2) the court never enjoined WBEZ from doing anything, as "[t]here is not a word in the order that enjoins WBEZ from publishing any information."

¶ 14    On October 29, 2019, WBEZ filed a motion to clarify or modify the circuit court's July 2019 order.  WBEZ asked the court to clarify that the July 2019 order "does not restrict or enjoin WBEZ from publishing any news story."  In the alternative, WBEZ asked that, if the order was intended to restrict WBEZ's publication of "any news stories," WBEZ asked that the court modify the order to "lift that restriction and to make it clear that neither WBEZ nor any other news organization is restricted from exercising their [constitutional] rights *** to publish information obtained from the public record (and from counsel for a party) about the underlying domestic relations case."

¶ 15    On December 19, 2019, the circuit court held a hearing on WBEZ's motion.  Counsel for WBEZ argued there was no "clear and definite prohibition in the order" against publication and that, once the information fell into the public domain, the publication of that information could not be restrained.

¶ 16    Following arguments, the court denied WBEZ's motion.  The court stated that there was "no doubt" that public access and the first amendment were a "priority" but that, "in regards to domestic relations cases, there's also no doubt that there are certain situations that can overcome or that are even more important, one of which is the best interest of the children that would lead to

some sort of redaction or sealing." The court further noted that it had opened "virtually the entire file" to the public but that it ordered a substantial portion of the March 2014 motion to be redacted "based on my decision and my opinion that it was in the best interest of the minor child that that portion of that document be redacted and remain redacted." The court noted that it "not only orally issued that ruling with the Intervenors present \*\*\*, but I actually handed the Intervenors a copy of that order at some point as well." The court further recalled e-mailing the parties a spreadsheet listing the documents with the court's ruling.

¶ 17 The court observed that its order could not have been more clear and that there was "zero doubt" that the March 2014 motion was redacted in part and that "Intervenors were absolutely aware that that document was redacted in part." The court stated that the unredacted document, however, was "for a brief time" made available due to the "lack of attention" on the part of the clerk's office, which WBEZ was then inadvertently allowed to view. The court concluded that there was no need for it to clarify its prior order and would not offer "an advisory opinion or ruling on something that has not been put forth before me." The court then denied WBEZ's motion to modify the sealing order.

¶ 18 On January 17, 2020, WBEZ filed a notice of appeal, stating that it was challenging the circuit court's December 19, 2019, order denying WBEZ's motion to modify the July 2019 order, as well as "previous related orders." On February 20, 2020, Robert filed a motion to dismiss this appeal as untimely. We ordered the motion taken with the case.

¶ 19                                                    ANALYSIS

¶ 20                                                    Jurisdiction

¶ 21 We first address the issue of jurisdiction, which Robert has raised in his motion to dismiss. Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) provides parties a right to appeal an

interlocutory order "granting *** or refusing to dissolve or modify an injunction." This rule confers appellate jurisdiction to review interlocutory orders restricting public access to court records in both juvenile and civil cases. *People v. Zimmerman*, 2018 IL 122261, ¶ 22 (citing *In re A Minor*, 127 Ill. 2d 247, 263 (1989); *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221 (2000)). Rule 307(a) further provides that, with certain exceptions not relevant here, the appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). Challenges to our jurisdiction present a question of law, which we review *de novo*. *In re Marriage of Gutman*, 232 Ill. 2d 145, 150 (2008).

¶ 22    Robert argues that WBEZ's notice of appeal, dated January 17, 2020, was filed well beyond 30 days after the entry of the July 2019 order from which WBEZ appeals. Robert further contends that the December 2019 order was a noninjunctive order because it merely resolved WBEZ's request for an "advisory ruling" and was thus unappealable under Rule 307.

¶ 23    WBEZ's notice of appeal states that it appeals from (1) the July 2019 order, (2) "email orders issued *** on October 1 and October 4, 2019," and (3) the December 19, 2019, order denying WBEZ's a motion to modify. The July 2019 order partially redacted and sealed the March 2014 motion and was immediately appealable under Rule 307. See *Zimmerman*, 2018 IL 122261, ¶ 22. WBEZ, however, filed its notice of appeal on January 17, 2020, which was more than 30 days after the court's July 2019 order. We therefore lack jurisdiction to consider WBEZ's appeal of the July 2019 order.

¶ 24    The same analysis applies to our jurisdiction over WBEZ's appeal of the court's October 2019 e-mail "orders". Even assuming the e-mails constituted court orders, we similarly lack jurisdiction to consider WBEZ's appeal of them because WBEZ's January 17, 2020, appeal was also untimely as to them.

¶ 25 The situation regarding the appeal of the December 2019 order denying the motion to modify is different. Robert argues that Rule 307 does not confer jurisdiction upon this court to review that order because the circuit court characterized WBEZ's underlying motion as a motion for an advisory opinion. We note, however, that the motion to modify requested modification of the July 2019 sealing order, seeking either (1) a clarification that WBEZ was not restricted from publishing a story based upon the erroneously disclosed information or (2) a modification of the order to remove any such restriction. The December 2019 order falls squarely within the scope of Rule 307(a)(1), which permits an interlocutory appeal as a matter of right from orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). We therefore deny the portion of Robert's motion seeking to dismiss the appeal as to the December 2019 order. We now turn to the merits of this appeal.

¶ 26                          Redaction and Sealing of Court Records

¶ 27 WBEZ contends that the circuit court erred in denying its motion to modify. WBEZ states in its briefs that its challenge is limited solely to paragraphs 26 through 29 and the prayer for relief of count II in the March 2014 motion. Relying on the circuit court clerk's improper release of secured documents into the public domain, WBEZ further argues that the court's July 2019 order, combined with the court's e-mails in October 2019, transformed the July 2019 order into an unconstitutional prior restraint.

¶ 28 The Clerks of Courts Act provides a statutory right for the public to review court records. That law provides in part:

> "All records, dockets and books required by law to be kept by [circuit court] clerks shall
>
> be deemed public records, and shall at all times be open to inspection without fee or reward,
>
> and all persons shall have free access for inspection and examination to such records,

docket and books, and also to all papers on file in the different clerks' offices and shall have the right to take memoranda and abstracts thereto." 705 ILCS 105/16(6) (West 2016).

¶ 29    Additionally, the right of the public to review court records is also supported by constitutional guarantees and case law. "Litigation is a public exercise; it consumes public resources. It follows that in all but the most extraordinary cases ***complaints must be public." *Levenstein v. Salafsky*, 164 F.3d 345, 348 (7th Cir. 1998). Consequently, judicial proceedings in the United States are open to the public—"in criminal cases by constitutional command, and in civil cases by force of tradition." *A.P. v. M.E.E.*, 354 Ill. App. 3d 989, 993-94 (2004) (citing *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 10 (1986); *Nixon v. Warner Communications*, *Inc.*, 435 U.S. 589, 597-99 (1978)); see also *Skolnick*, 191 Ill. 2d at 231-32 (holding that there is a "parallel right of access" to court records embodied in both the common law and the first amendment).

¶ 30    Our supreme court has explained:

"The availability of court files for public scrutiny is also essential to the public's right to ' "monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." ' [Citation.] 'When courts are open, their work is observed and understood, and understanding leads to respect.' [Citation.] The common-law right of access symbolizes the recognition 'that the public interest is best served by increasing the public's knowledge about what is transpiring inside the judicial process.' [Citation.]" *Zimmerman*, 2018 IL 122261, ¶ 41.

¶ 31    That court has held, however, that right to access to judicial records is not absolute. *Id.* ¶ 43. With respect to the common law presumption of access, every court has supervisory power over its own records and files, so it may deny access where the files might become " 'a

vehicle for improper purposes.' " *Skolnick*, 191 Ill. 2d at 231 (quoting *Nixon*, 435 U.S. at 598). To overcome the common law presumption, the party opposing public access must establish both that there is a compelling interest favoring a closed file and that the protective order is drafted in the least restrictive manner possible. *Id.* (citing *In re Marriage of Johnson*, 232 Ill. App. 3d 1068, 1072-73 (1992)). The presumption of access can be rebutted by demonstrating that suppression is " 'essential to preserve higher values and is narrowly tailored to serve that interest.' " *Id.* at 232 (quoting *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)). One scenario in which a court may deny public access is where the court finds that a public hearing may be detrimental "to the child's best interests." 750 ILCS 5/606.5(d) (West 2018). In a dissolution of marriage case, the court may order the sealing of records of "any interview, report, investigation, or testimony." *Id.* § 606.5(e).

¶ 32    We review decisions on motions to clarify or modify an injunction for an abuse of discretion. See, *e.g.*, *Estep v. Department of Public Aid*, 92 Ill. 2d 510, 515 (1982) (motion to clarify); *City of Kankakee v. Department of Revenue*, 2013 IL App (3d) 120599, ¶ 32 (motion to modify an injunction); see also *Skolnick*, 191 Ill. 2d at 231-33 (denial of a motion to unseal a court file reviewed for an abuse of discretion, regardless of whether the claimed right of access is based upon the common law or the first amendment).

¶ 33    As noted above, WBEZ is only challenging the redactions of paragraphs 26 through 29 and the entire prayer for relief section in count II of the March 2014 motion. Based upon our review of these sealed materials, we find that the circuit court erred in redacting those paragraphs and the prayer for relief. The four numbered paragraphs neither contain confidential information relating to the parties' children's medical care nor otherwise support the court's concern for the best interests of Robert's and Andrea's children. With the exception of paragraph 29, they do not refer

to a child of either party, and they do not provide sufficient information to identify any specific other child. The prayer for relief recites standard requests commonly made in dissolution of marriage cases, and we can see no reason why they should not be released.

¶ 34    In particular, we note that maintaining the redaction of the numbered paragraphs would, at best, merely protect Robert from embarrassment, which is an impermissible basis to withhold material from the public. See *Skolnick*, 191 Ill. 2d at 234 ("The mere fact a person may suffer embarrassment or damage to his reputation as a result of allegations in a pleading does not justify sealing the court file."). As WBEZ notes, unflattering information regarding Robert's conduct is already in the broad public domain,[3] so we cannot discern a compelling reason why the disclosure of the four numbered paragraphs and the prayer for relief can be justifiably restrained at this time.

¶ 35    In light of the strong public policy in favor of public disclosure of judicial proceedings, we therefore hold that the circuit court abused its discretion in redacting paragraphs 26 through 29 in the body of count II of the March 2014 motion and the corresponding prayer for relief in count II.

¶ 36    This holding renders it unnecessary for us to resolve WBEZ's alternative argument that once the clerk of the circuit court accidentally placed a sealed court record into the public domain, an order commanding it not to publish that material was an unconstitutional prior restraint.

¶ 37                              CONCLUSION

¶ 38    This court has no jurisdiction over WBEZ's appeals from the circuit court's July 2019 order and the October 2019 e-mail "orders", but it does have jurisdiction over the appeal from the order denying the motion to modify. The court erred in sealing the above-described portions of count II

---

[3] In 2019, the United States Department of Justice charged Robert with various criminal offenses. Those cases are still pending. See, *e.g.*, United States v. Kelly, No. 19-CR-286 (AMD) (E.D.N.Y.) (charging defendant with violation of the Mann Act for transportation of a minor to engage in illegal sexual activity); United States v. Kelly, No. 19-CR-567 (N.D. Ill.) (charging defendant with child pornography and witness tampering).

of the March 2014 motion. We reverse the order denying the motion to modify and remand with directions to make the specific material listed above available to the public.

¶ 39    Reversed in part and dismissed in part; cause remanded with directions.

**No. 1-20-0130**

| | |
|---|---|
| **Cite as:** | *In re Marriage of Kelly*, 2020 IL App (1st) 200130 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 06-D-1268; the Hon. Lori M. Rosen, Judge, presiding. |
| **Attorneys for Appellant:** | Jeffrey D. Colman, Jason M. Bradford, Emma J. O'Connor, and Jay K. Simmons, of Jenner & Block LLP, of Chicago, for intervenor-appellant. |
| **Attorneys for Appellee:** | Steven A. Greenberg and Nicholas V. Burris, of Greenberg Trial Lawyers, of Chicago, for appellee. |