NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240625-U

NO. 4-24-0625

IN THE APPELLATE COURT

FILED
November 26, 2024
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JAMES PACHA, SARAH TRIGG, HYM3, SARAH TRIGG and JAMES PACHA, d/b/a UNNAMED PARTNERSHIP between SARAH TRIGG and JAMES PACHA, | ) ) ) ) | Appeal from the Circuit Court of Sangamon County No. 22LA169 |
|       Plaintiffs-Appellants, | ) | |
|       v. | ) | |
| COPART INC., CHARLENE GLEASON, GRETCHEN GLEASON, and PAUL GLEASON, | ) ) | Honorable |
|       Defendants-Appellees | ) ) | Gail L. Noll, Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Steigmann and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiffs' appeal was dismissed in part for lack of jurisdiction and the portions of their brief on those matters were struck. The remaining portion of plaintiffs' appeal was dismissed for failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020).

¶ 2    Plaintiffs, James Pacha, Sarah Trigg, HYM3, and the Unnamed Partnership between Sarah Trigg and James Pacha, *pro se* appeal from the trial court's dismissal of their ninth amended complaint as it pertains to defendant Copart Inc. (Copart).

¶ 3    We determine we lack jurisdiction over several of plaintiffs' claims on appeal, strike those portions of plaintiffs' brief which do not pertain to the dismissal of the complaint as to Copart, and dismiss all defendants other than Copart. Because of the deficiencies in what remains of plaintiffs' brief, we strike the brief and dismiss their appeal.

¶ 4                                  I. BACKGROUND

¶ 5        On September 19, 2022, plaintiff James Pacha, proceeding *pro se*, filed a complaint against defendants, Charlene Gleason (who was then a minor), Paul Gleason, and Gretchen Gleason (collectively, the Gleasons), for alleged claims arising out of a motor vehicle accident. Pacha sought $75,000 and costs to compensate him for economic and business injuries due to being unable to work following a car accident involving Charlene Gleason.

¶ 6        After numerous motions and amended complaints were filed, Pacha *pro se* filed a ninth amended complaint on December 26, 2023. At this point, Sarah Trigg, also acting *pro se*, HYM3, and the unnamed partnership between Sarah Trigg and James Pacha had been added as additional plaintiffs. (We note HYM3, and the unnamed partnership between Sarah Trigg and James Pacha were not represented by counsel below. Instead, Trigg and Pacha appear to have been representing the corporate/partnership interests. But see *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 17 ("A corporation must be represented by counsel in legal proceedings.")). In addition to the Gleasons, plaintiffs' complaint included as defendants "The Allstate Corporation" (Allstate Fire and Casualty Insurance Company (Allstate), who issued the relevant automobile insurance policy entered an appearance and stated the Allstate Corporation was incorrectly named) and Copart. The ninth amended complaint alleged 26 counts against the various defendants. As to Copart, plaintiffs alleged:

> "Count XXIII—Fraud in Transfers of Real or Personal Property (Copart Inc.)
>
> CoPart Inc. took possession of personal property without authorization and under false pretenses.
>
> [Text of 720 ILCS 5/17-13(a), (b), (d) (West 2022)]

Count XXIV—Mail Fraud (CoPart Inc.)

CoPart Inc. has has [*sic*] committed mail fraud in an attempt to fraudulently transfer real and personal property and in an attempt to defraud an elderly, handicapped individual in the care of Sarah Trigg and James Pacha.

[Text of 720 ILCS 5/17-24(a) (West 2022)]

Count XXV—Illegal Dumping (CoPart Inc.)

CoPart Inc. instructed third-party individuals, paid by CoPart Inc. to provide them a service, to dump a salvaged vehicle on real property without proper authorization.

[Text of 720 ILCS 5/47-15(a), (b) (West 2022)]

Count XXVI—Tampering with a Vehicle (CoPart Inc.)

CoPart Inc. removed or acting through another had parts removed and altered from a vehicle they had no authorization to alter in any way.

[Text of 625 ILCS 5/4-102 (West 2022)]."

The ninth amended complaint included text from sections of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/1-1 *et seq.* (West 2022)) and the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 2022)).

¶ 7 On January 29, 2024, Copart filed a combined motion to dismiss plaintiffs' ninth amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619.1 (West 2022)). In its motion, Copart argued plaintiffs' ninth amended complaint should be dismissed because it "violate[d] the basic fact pleading requirements under Illinois law" and failed to state a claim pursuant to section 2-615 of the Civil Code (*id.* § 2-615). Copart further argued the ninth amended complaint should be dismissed for lack of standing pursuant to section

2-619(a)(9) (*id.* § 2-619(a)(9)) where plaintiffs, as private citizens, had no standing to bring criminal claims in civil court.

¶ 8        The trial court held a hearing on several motions, including Copart's motion to dismiss, on February 21, 2024. After argument, the court found, viewing the allegations in the light most favorable to plaintiffs, plaintiffs failed to allege sufficient facts to establish a cause of action on which relief may be granted. Further, the court found plaintiffs lacked standing to bring actions against Copart under the Criminal Code, and the allegations as presented in the ninth amended complaint were attempts to bring criminal action against Copart. Therefore, the court dismissed the ninth amended complaint as to Copart under sections 2-615 and 2-619 with prejudice. The court included a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) allowing for appeal of the final judgment dismissing Copart as defendant.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, plaintiffs ask us to (1) reverse the order dismissing their ninth amended complaint as to Copart with prejudice, (2) order Copart to return all property to Trigg, (3) withdraw Copart from the complaint and allow Copart to be added to a federal action, (4) reverse an order denying plaintiffs' motion to disqualify the Gleason's attorney, Raymond Fabricius, and (5) address plaintiffs' "Rule 19 and Rule 20" motions and respond to the inquiries presented in their brief. For the reasons that follow, we strike the portions of plaintiffs' briefs which pertain to matters over which this court has no jurisdiction and dismiss the appeal as to the Gleasons. We then strike the remains of plaintiffs' briefs and dismiss the appeal due to plaintiffs' failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020).

¶ 12                              A. Jurisdiction

¶ 13 "The filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)). While this step is jurisdictional, Illinois courts are to construe the appellant's notice "liberally." *Id.* If this court lacks jurisdiction, the appeal must be dismissed. *In re Marriage of Baumgartner*, 2014 IL App (1st) 120552, ¶ 33. Whether the appellate court has jurisdiction is a question of law, which this court reviews *de novo*. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41 (citing *In re Marriage of Kelly*, 2020 IL App (1st) 200130, ¶ 21).

¶ 14 In plaintiffs' notice of appeal, they note the appeal is pursuant to Rule 304(a). Generally, if the trial court enters a final order that does not dispose of an entire proceeding involving multiple parties and claims, said order is not appealable unless the court makes an "express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). In this case, the court made such a finding pursuant to the order dismissing the ninth amended complaint as to Copart. This was a final order as to Copart, the trial court made an express finding under Rule 304(a), and therefore this court arguably has jurisdiction to review the dismissal under Rule 304(a).

¶ 15 However, Rule 304(a) only allows for the appeal of final judgments, not of any issue the appellant has with the trial court proceedings. *In re Marriage of Arjmand*, 2024 IL 129155, ¶ 30 ("[A] Rule 304(a) appeal is limited in scope and does not pave the way for review of all prior orders."). "Rule 304(a) provides for review of just the intermediate final judgment that the circuit court has allowed the party to appeal from, along with any previous orders that must necessarily be reviewed because they are intertwined with the merits of the judgment with the Rule

304(a) finding." *Id.* ¶ 33. This court therefore lacks jurisdiction to review any order not "intertwined" (*id.*) with the final judgment which is the focus of the appeal under Rule 304(a).

¶ 16 Here, plaintiffs raise a challenge to the denial of a motion seeking to disqualify the Gleasons' counsel, Raymond Fabricius. The motion was filed on August 4, 2023, and denied at a hearing on October 30, 2023. The order involved the counsel for the Gleasons, not the counsel for Copart, and Copart was not added as a defendant in this case until December 2023. The order has no relation to the final judgment on the dismissal of the ninth amended complaint as to Copart. Therefore, this court has no jurisdiction to review the motion to disqualify Fabricius.

¶ 17 Plaintiffs argue in their brief this court has jurisdiction under Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017). Rule 307(a) permits appeals from certain types of interlocutory orders as of right. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001). Interlocutory orders appealable under Rule 307(a) include: (1) orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction"; (2) certain orders involving the appointment and powers of receivers or sequestrators; (3) orders on placing "a mortgagee in possession of a mortgaged premises"; (4) orders involving the appointment of a receiver for a financial institution; (5) certain orders involving parental rights and adoption proceedings; and (6) certain orders pertaining to eminent domain. Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). An appeal under Rule 307(a) must be filed within 30 days of the entry of the order being challenged. Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017).

¶ 18 Plaintiffs' motion to disqualify counsel does not fall under any of the categories of Rule 307(a). "[A]n order regarding disqualification of counsel is not an interlocutory ruling for injunctive relief from which a party may take an immediate appeal." *In re Estate of French*, 166 Ill. 2d 95, 100 (1995). Further, even if plaintiffs had explained why the order to disqualify should

be appealable under 307(a) (which we note, they did not), the notice of appeal was not filed until March 19, 2024, well outside the 30-day window from the denial of the motion in October 2023.

¶ 19 Plaintiffs also request on appeal we address their "Rule 19 and Rule 20" motions. Illinois Supreme Court Rule 19 (eff. Sept. 1, 2006) addresses the requirement a litigant raising a claim as to the unconstitutionality of the law must provide notice to the "Attorney General, State's Attorney, municipal counsel or agency attorney, as the case may be." There is no motion to be ruled on pursuant to Rule 19. Illinois Supreme Court Rule 20 (eff. Aug. 1, 1992) allows for certain federal courts—the Supreme Court of the United States and United States Court of Appeals for the Seventh Circuit—to certify questions of Illinois law to the Supreme Court of Illinois. Plaintiffs are not the federal courts in question, and this court nor the trial court are the Illinois Supreme Court. Rules 19 and 20 are irrelevant to this cause, and we have no jurisdiction to consider plaintiffs' motions related to the same.

¶ 20 Plaintiffs' brief also includes lists of at least 38 inquires they ask this court to answer, ranging from questions on orders not before this court ("Should the [trial] court have assigned a [guardian *ad litem*] to review the [settlement] offer and talk to the parties?") to purely philosophical questions ("If a law causes more harm to a citizen than good and is a burden to them and restricts their liberty in how they choose to use their property, is it constitutional?").

¶ 21 An appellate court is "[a] court with jurisdiction to review decisions of lower courts or administrative agencies." Black's Law Dictionary (12th ed. 2024). Further, this court is not a depository into which an appellant may dump the burden of research and argument with regard to the issues he raises on appeal. *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. Plaintiffs' lists of questions fail to identify for this court what decision of the trial court we are to be reviewing (indeed, they do not reveal whether the questions relate to decisions of the trial court

at all), nor do they explain why we have the authority to consider such decisions as part of this appeal under Rule 304(a). Thus, we must presume we do not have such authority.

¶ 22    In sum, we strike the portions of plaintiffs' opening and reply briefs that pertain to those matters over which this court has no jurisdiction, and we review only those parts which relate to the dismissal of the ninth amended complaint as it pertains to Copart. In doing so, we grant the Gleason defendants' motion to dismiss that we took with the case and dismiss the Gleasons from this appeal, as they are not parties to the appeal under Rule 304(a).

¶ 23                                B. Rule 341

¶ 24    Even broadly construing what may remain of plaintiffs' opening and reply briefs, we determine we cannot conduct an effectual review of plaintiffs' appeal because plaintiffs have failed to comply with Rule 341 in several regards. Because of the stark deficiencies in plaintiffs' briefs, we find striking plaintiffs' briefs and dismissing the appeal is appropriate.

¶ 25    Plaintiffs proceeded *pro se* both in the trial court and on appeal, which is a difficult task for anyone without legal training regardless of their level of education and intelligence. However, Illinois courts treat *pro se* litigants the same as licensed attorneys. A *pro se* litigant must comply with the same rules and is held to the same standard as a licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. This is true both in the trial court and before this court.

¶ 26    Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) governs the requirements for briefs to this court. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 3. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions." *Id.* A *pro se* appellant is not excused from following the requirements of Rule 341. *Id.* "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Venturella v. Dreyfuss*,

2017 IL App (1st) 160565, ¶ 22. This court has the discretion to strike an appellant's brief and dismiss an appeal when the appellant's brief does not comply with the requirements of Rule 341 *Id.* ¶ 21. This is a harsh but appropriate sanction where, as here, the appellant's violations of procedural rules hinder our review of the case. *Id.*

¶ 27        Rule 341(h)(1) requires a table of contents entitled "Points and Authorities," which "shall consist of the headings of the points and subpoints as in the Argument, with the citation under each heading of the authorities relied upon or distinguished, and a reference to the page of the brief on which each heading and each authority appear." Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020). Plaintiffs' section entitled "Points and Authorities" contains no headings or explanation of the points and subpoints argued, contains only a list of statutory citations without reference to the pages of the brief, and states, "Arguments will rely on literal interpretations of established case law and Illinois State law provided in Appendix." Setting aside the use of the appendix issue, which we will later discuss, this section does not comply with the requirements of Rule 341(h)(1).

¶ 28        In their section entitled "Issues Presented for Review," presumably to comply with Rule 341(h)(3) (Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020) ("A statement of the issue or issues presented for review, without detail or citation of authorities.")), plaintiffs present the question before us as: " 'Whether the trial court ruled correctly on certain objections to evidence.' " This is an action pursuant to the trial court granting a combined motion to dismiss under sections 2-615 and 2-619. It is unclear what evidence plaintiffs are referring to or what objections were made, and their brief does not further clarify any evidentiary rulings they are challenging. Therefore, plaintiffs failed to provide a statement of the issue or issues pursuant to Rule 341(h)(3).

¶ 29 Although we have already resolved some jurisdictional questions pertaining to this appeal, we note plaintiffs' brief also contains no jurisdictional statement to comply with Rule 341(h)(4)(ii). Ill. S. Ct. R. 341(h)(4)(ii) (eff. Oct. 1, 2020).

¶ 30 Most egregiously, plaintiffs' brief contains no statement of facts. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (An appellant's brief's statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal."). The closest section in the brief to a statement of facts is a listing of filings before the trial court, without any explanation of what those filings contained or how they are relevant to this appeal. Indeed, nowhere in the brief is there even a basic description of (1) what the contentions of the ninth amended complaint (or its earlier iterations) were, (2) who the involved parties are and their relationship to the case, (3) what was alleged in the motion to dismiss, and (4) what the trial court based its decision on. Plaintiffs make no effort to provide a statement of facts, much less citations to the record necessary for this court to resolve this appeal. Plaintiffs have failed to provide us with even a minimal overview of the case. Accordingly, we must conclude plaintiffs did not comply with Rule 341(h)(6).

¶ 31 Additionally, plaintiffs' argument section does not provide any clarity to the remaining questions raised in the prior portions of the brief. Plaintiffs expound on the many grievances they have with the process in the trial court, but they do not explain the court's decision or how it was allegedly incorrect. Rule 341(h)(7) states the argument section of the brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). " 'Mere contentions, without argument or citation of authority, do not merit consideration on appeal.' "

*Progressive Universal Insurance Co. of Illinois v. Taylor*, 375 Ill. App. 3d 495, 501 (2007) (quoting *Elder v. Bryant*, 324 Ill. App. 3d 526, 533 (2001)). Further, "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341 (h)(7) (eff. Oct. 1, 2020). Plaintiffs' brief fails to provide legal authority or analysis to support their contentions of error related to the dismissal of the ninth amended complaint against defendant Copart.

¶ 32        Copart filed a combined motion to dismiss pursuant to section 2-619.1 of the Civil Code (735 ILCS 5/2-619.1 (West 2022)). A combined motion to dismiss allows a movant to raise claims under section 2-615 (*id.* § 2-615) to test the legal sufficiency of the complaint and section 2-619 (*id.* § 2-619) to assert defenses or defects. "Under section 2-615, the critical question is whether the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 16. When a trial court is considering a motion to dismiss under section 2-615 challenging the legal sufficiency of the complaint, "[t]he only matters to be considered *** are the allegations of the pleadings themselves." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 485 (1994). "In ruling on a section 2-615 motion, the court may not consider affidavits, products of discovery, documentary evidence not incorporated into the pleadings as exhibits, or other evidentiary materials." *Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29 (2003). Meanwhile, a motion brought under section 2-619(a)(9) contends "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). Under this section, a defendant admits the legal sufficiency of a plaintiff's cause of action but asserts an affirmative matter bars or defeats the plaintiff's claim. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120-21 (2008). In this case,

Copart argued the affirmative matter was standing, as plaintiffs had no standing to prosecute Copart under the Criminal Code.

¶ 33    Plaintiffs have provided us with no cognizant argument for why the trial court's decision to dismiss the complaint as to Copart was incorrect. Plaintiffs do not explain, for example, why the citations to the Criminal Code could support their complaint against Copart. There is no private cause of action for violations of the Criminal Code. See *O'Malley v. Adams*, 2023 IL App (5th) 210381, ¶ 37 ("Hence, by explicitly preserving complementary civil causes of action and stating a civil injury is separate from the criminal offense, the Criminal Code is clear that no private causes of action are contained therein." (Internal quotation marks omitted.)); see also 14A Ill. L. & Prac. Criminal Law § 20 (2024 Update) ("The same wrongful act may constitute both a crime and a tort. However, the crime is held to constitute an offense against the public pursued by the sovereign whereas the tort is a private injury to be pursued by the injured party."). Plaintiffs quote section 2 of the Consumer Fraud and Deceptive Business Practices Act (Fraud Act) (815 ILCS 505/2 (West 2022)), but do not explain or argue how the Fraud Act is connected to their claims against Copart. The Fraud Act allows for both civil and criminal proceedings for violations *of the Fraud Act*. *Id.* §§ 2, 10(a). Plaintiffs' complaint did not allege Copart violated the Fraud Act, the Fraud Act in no way creates a private cause of action for violations of the Criminal Code, and plaintiffs have not provided us with cognizant argument or authorities to connect the Fraud Act to their complaint.

¶ 34    We note plaintiffs reference a document they captioned as an affidavit filed in response to Copart's motion to dismiss, alleging the affidavit "addressed the issues" of the complaint. An affidavit may be presented in response to a motion to dismiss under section 2-619 "denying the facts alleged or establishing facts obviating the grounds of defect." 735 ILCS 5/2-

619(c) (West 2022). However, plaintiffs do not explain how the affidavit subverts dismissal pursuant to section 2-619. The affidavit cites, among other things, section 1-4 of the Criminal Code (720 ILCS 5/1-4 (West 2022)), entitled, "Civil Remedies Preserved," which states the Criminal Code *preserves* a civil action from being merged into a criminal offense but does not *create* a civil action. We further note, the trial court dismissed the complaint pursuant to sections 2-619 and 2-615, and the affidavit is irrelevant to a dismissal under section 2-615. See *Cwikla*, 345 Ill. App. 3d at 29 ("In ruling on a section 2-615 motion, the court may not consider affidavits ***.").

¶ 35 Plaintiffs argue they should not be denied justice for "the words chosen" because of their use of "theft" in place of the civil tort of "conversion." However, plaintiffs did not accuse Copart of theft in their complaint. They accused Copart of "Fraud in Transfers of Real or Personal Property," "Mail Fraud," "Illegal Dumping," and "Tampering with a Vehicle," citing the corresponding sections of the Criminal Code. Plaintiffs have not explained how semantics held any part in the trial court's dismissal of their ninth amended complaint as to Copart.

¶ 36 Plaintiffs continue with arguments pertaining to perceived violations of their constitutional rights. These include claims of violations of the fifth, eleventh, and fourteenth Amendments to the Constitution of the United States (U.S. Const., amends. V, XI, XIV). Beyond general complaints of the process and costs of the courts, plaintiffs do not explain how their rights have been violated or how these violations pertain to the granting of Copart's motion to dismiss. Further, although plaintiffs provide ample quotations from federal case law supporting the general importance of constitutional rights, they provide no explanation or authorities to support a claim their own constitutional rights were violated.

¶ 37 The only cognizant argument plaintiffs provide is they are not subject to the trial court's (or our) rules because *pro se* filings are held "to less stringent standards than formal

- 13 -

pleadings." (Internal quotation marks omitted.) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). *Haines* involves federal procedure for criminal defendants. Plaintiffs are not criminal defendants, and federal procedural rules do not apply to proceedings in state courts. See *Bianchi v. Savino Del Bene International Freight Forwarders, Inc.*, 329 Ill. App. 3d 908, 928 (2002); see also *Lang v. Social Security Administration*, 612 F.3d 960, 966 (8th Cir. 2010) ("It is axiomatic that state rules of civil procedure apply to state court actions, and the federal rules of civil procedure do not."). In Illinois, "*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys." *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009). Therefore, plaintiffs' argument in this regard is fundamentally flawed. Regardless, their argument on this point still fails to comply with Rule 341(h)(7) because they do not extend the argument or provide authority on how the trial court should have interpreted their complaint.

¶ 38        Plaintiffs cite a federal district court to point out " 'the right to file a lawsuit *pro se* is one of the most important rights under our Constitution and laws.' " (quoting *Elmore v. McCammon*, 640 F. Supp 905, 911 (S.D. Tex. 1986)). Although *Elmore* is in no way binding on this court (see *People ex rel. Birkett v. City of Chicago*, 292 Ill. App. 3d 745, 754 (1997) ("[T]he decisions of the United States District Court are not binding upon the state courts and are held to no more than persuasive authority.")), we believe plaintiffs may benefit from review of the rest of that case, wherein the Southern District of Texas, quoting the United States Supreme Court, stated, " 'The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.' " *Elmore*, 640 F. Supp. at 910 (quoting *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)). Plaintiffs have a right

to file a *pro se* lawsuit, and they have done so. This right does not excuse any lack of compliance with the law or the rules of this court.

¶ 39         In sum, despite their lengthy arguments, plaintiffs have not complied with Rule 341(h)(7) to explain their contentions and the reasons therefore, with citations to authorities and the record. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). It was apparent from the opening section of plaintiffs' brief, when plaintiffs requested "review of the court file and the harm caused to the named parties and correct any erroneous decisions including court refusal to accept settlement offers on behalf of the minor," plaintiffs' intention was to place the burden of research and argument onto this court. It is generally the appellant's burden on appeal to demonstrate error. *In re Alexander R.*, 377 Ill. App. 3d 553, 557 (2007). "Reviewing courts will not search the record for purposes of finding error *** when an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs." *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47. " '[I]t is neither the function nor the obligation of this court to act as an advocate or search the record for error.' " *People v. Universal Public Transportation, Inc.*, 2012 IL App (1st) 073303-B, ¶ 50 (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)). Therefore, all unsupported and unargued claims must be forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Progressive Universal Insurance*, 375 Ill. App. 3d at 501-02.

¶ 40         Additionally, plaintiffs' appendix fails to comply with Rule 341(h)(9) and Illinois Supreme Court Rule 342 (eff. Oct. 1, 2019). Rule 342 states:

> "The appellant's brief shall include, as an appendix, a table of contents to the
> appendix, the judgment appealed from, any opinion, memorandum, or findings of
> fact filed or entered by the trial judge or by any administrative agency or its officers,
> any pleadings or other materials from the record that are the basis of the appeal or

pertinent to it, the notice of appeal, and a complete table of contents, with page references, of the record on appeal." *Id.*

Plaintiffs' appendix does not contain (1) the judgment appealed from, (2) any opinion, memorandum, or finding of fact entered by the trial judge, (3) any pleadings or material from the record that are the basis of, or pertinent to, the appeal, or (4) a table of contents with page references to the record. Instead, plaintiffs' appendix consists of (1) a table of contents only for the appendix itself; (2) a list of court filings without inclusion of the filings themselves, some with plaintiffs' commentary; (3) a list of citations to the Civil Code, Criminal Code, and Fraud Act, with select out-of-context quotations; and (4) a section entitled "Case Law," which contains 30 numbered paragraphs of out-of-context quotations—some with commentary from plaintiffs—from primarily federal cases. These presentations of relevant materials do not appear to be documents presented to the trial court and therefore are not part of the record on appeal. It is well established this court may not consider documents which are not part of the certified record on appeal. See *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 14 (2009) (stating attachments to appellate briefs not also contained in the certified record on appeal cannot be used to supplement the record and thus are not properly before the reviewing court); *People v. Gacho*, 122 Ill. 2d 221, 254 (1988) (stating a reviewing court should only consider what appears in the record on appeal); *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009) ("A party may generally not rely on matters outside the record to support its position on appeal."). Rather than an appendix, the section appears to be a continuation of the argument portions of plaintiffs' brief. In effect, plaintiffs' brief contains no appendix at all.

¶ 41      Finally, plaintiffs' reply brief does not comply with Rule 341(j), which states the reply brief "shall be confined strictly to replying to arguments presented in the brief of the appellee

and need contain only Argument." Ill. S. Ct. R. 341(j) (eff. Oct. 1, 2020). Only a small portion of the reply brief discusses Copart's dismissal, and that section contains only one citation to a case from the United States District Court for the Eastern District of Pennsylvania. See *City of Chicago*, 292 Ill. App. 3d at 754 ("[T]he decisions of the United States District Court are not binding upon the state courts and are held to no more than persuasive authority."). In fact, plaintiffs' reply brief reads more as an airing of grievances than a coherent legal argument.

¶ 42    We recognize the dismissal of an appeal is a harsh sanction. However, the compliance of plaintiffs' brief with Rule 341 is scant, at best. This court may excuse some technical noncompliance, such as plaintiffs using an 11-point font rather than the minimal 12-point font (Ill. S. Ct. R. 341(a) (eff. Oct. 1, 2020)), their failure to mention the status of the parties on appeal on their cover page (Ill. S. Ct. R. 341(d) (eff. Oct. 1, 2020)), or their use of single spacing in the reply brief (Ill. S. Ct. R. 341(a) (eff. Oct. 1, 2020)). See *In re Marriage of Betts*, 155 Ill. App. 3d 85, 91 (1987) ("[W]here none of the purported violations of supreme court rules are so flagrant as to hinder or preclude review, then either the striking of a brief or the dismissal of an appeal is generally unwarranted."); see also *People v. Walker*, 2020 IL App (4th) 180774, ¶ 67 ("To be sure, supreme court rules are rules rather than suggestions [citation], but not every violation of a supreme court rule must bring down draconian consequences."). However, the extensive failures to comply with the briefing requirements of Rule 341 here were not mere technical noncompliance, but substantial and material noncompliance which completely hindered this court's ability to review the case.

¶ 43    Therefore, because of the deficiencies of plaintiffs' brief, we find the dismissal of their appeal appropriate. In its brief, Copart requested this court sanction plaintiffs pursuant to Illinois Supreme Court Rule 375(b) (eff. February 1, 1994) for failing to meet the minimum

standards of good faith. Under these circumstances and for the reasons stated, we deem the dismissal of plaintiffs' appeal to be an adequate sanction. In closing, we remind plaintiffs of the need to comply with supreme court rules as they are "not mere suggestions. They have the force of law, and they should be followed." *People v. Glasper*, 234 Ill. 2d 173, 189 (2009). We further caution plaintiffs against future frivolous filings, and any appeal not taken in good faith may result in sanctions. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 44                                    III. CONCLUSION

¶ 45        For the foregoing reasons, we strike portions of plaintiffs' brief for lack of jurisdiction and dismiss all defendants except Copart. We then exercise our discretion to strike the remainder of plaintiffs' brief and dismiss the appeal.

¶ 46        Appeal dismissed.